UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-00159-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| GEORGE IRVING RIVENS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PETITION OF SHATORRI HOWIE ) | |
| ) | |

**THIS MATTER** is before the Court on the United States' Motion to Dismiss, (Doc. No. 306), the Petition of Shatorri Howie for the return of certain assets subject to forfeiture in this action. In the alternative, the United States requests the Court order Petitioner to file an amended petition that complies with 21 U.S.C. § 853. The United States moved to dismiss Ms. Howie's petition on March 28, 2024, and Ms. Howie failed to respond to the Motion. For the reasons set forth below, the United States' Motion is **GRANTED**.

## I.     BACKGROUND

In September 2022, the Grand Jury returned a Superseding Bill of Indictment (Doc. No. 69) against Defendant George Irving Rivens and others for drug trafficking and firearms charges. The Indictment contained a Grand Jury finding of probable cause for forfeiture of numerous assets connected to the charges in the 22-count Indictment. On June 14, 2023, following a plea of guilty by Defendant, (Doc. No. 216), this Court issued a Consent Order and Judgment of Forfeiture, (Doc. No. 218), for the assets that were involved in, facilitated, and/or were the proceeds of Defendant Rivens' counts of conviction—including two bulk cash seizures, currency seizures from ten bank accounts, a Dodge Charger, various jewelry, drug trafficking

1

paraphernalia, and twelve firearms.

Per the consent order, on December 4, 2023, the United States sent a direct notice of forfeiture to all persons who reasonably appeared to be potential claimants to the property. The form Notice the United States sends in criminal forfeiture cases, attached as Exhibit 1 to the Motion to Dismiss, (Doc. No. 306-1), instructs potential petitioners like Ms. Howie on the legal requirements for filing a petition, including the requirement to sign a petition under penalty of perjury.

On or about December 18, 2023, Ms. Howie submitted the Petition to the United States Attorney's Office whereby she purports to be the owner of four assets Defendant possessed during the course of his offenses: a Glock 22 pistol, serial number BTSC687; a Ruger Model 57, .57 caliber pistol, serial number 642-36847; a Taurus Model G2C 9mm pistol, serial number ABE583713; and $30,303 in United States Currency. (Doc. No. 299.) The United States Attorney's Office forwarded the petition to the Clerk of Court for filing. Ms. Howie did not sign her Petition under penalty of perjury. Id.

The United States represents, upon information and belief, that Ms. Howie lived with Defendant Rivens at 5732 Kelyn Hills Drive, his home address. On June 3, 2022, law enforcement executed a search warrant at the Kelyn Hills residence, and seized the Ruger, Taurus, and $30,303 (along with narcotics and other items). The Currency's packaging and composition were consistent with that of drug proceeds. On the same day, law enforcement executed another search warrant at 342 Sleepy Hollow Drive, a stash house utilized by Rivens's drug trafficking organization, where significant amounts of drugs and firearms were found, including the 22 Glock Ms. Howie claims. (Doc. No. 277, ¶¶ 40–41.)

## II. DISCUSSION

A third-party petition to property in a forfeiture or ancillary proceeding must (1) "be signed by the petitioner under penalty of perjury," (2) "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim," and (3) set forth the relief the petitioner seeks. 21 U.S.C. § 853(n)(3). A claimant has the burden of proving, by a preponderance of the evidence, that he or she has a right, title, or interest in the property. Id., § 853(n)(6). "A person asserting a legal interest in property forfeited to the United States in a criminal case may petition a court for a hearing to determine the validity of the alleged interest within 30 days of receiving the notice of forfeiture." U.S. v. Gaither, No. 5:19-CR-00012-KDB-DSC, 2020 WL 2041343, at *2 (W.D.N.C. Apr. 28, 2020) (citing 21 U.S.C. § 853(n)(2)); see also United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (explaining that the preliminary order becomes final as to the defendant at sentencing, and then final as to third parties at the conclusion of the ancillary proceeding).

Under Federal Rule of Criminal Procedure 32.2, this Court has discretion to dismiss a petition such as Howie's in a forfeiture ancillary proceeding for a variety of reasons. See Fed. R. Crim. P. 32.2(c)(1)(A) ("In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."). Relevant here, 21 U.S.C. § 853(n)(3) expressly provides that a petition "shall be signed by the petitioner under penalty of perjury . . ." Courts strictly construe the signature under penalty of perjury requirement as an important stop-gap to minimize the danger of false claims. See United States v. Molina-Sanchez, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) ("[T]he notice served on petitioner expressly stated that any petition must be filed under penalty of perjury, as required

3

by the statute . . . Nothing in the record shows any reason for noncompliance. On this basis, therefore, the Petition should be dismissed."); United States v. Sanders, 2019 WL 4199805, at *1 (W.D.N.C. Sept. 4, 2019) (dismissing pro se petition for failure to comply with penalty of perjury requirement); see also United States v. Loria, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009) (following United States v. $487,825, 484 F.3d 662 (3d Cir. 2007)); United States v. Wagner, 2017 WL 6513420, at *5 (E.D. Va. Dec. 19, 2017).

This requirement is particularly important in the case of dangerous and regulated property such as firearms. See, e.g., Gaither, 2020 WL 2041343, at *3 ("The Government is not required to simply accept [Petitioner's] word that he is the lawful owner of the pistol, but rather it must exercise proper due diligence in returning a firearm used in a crime."). Here, Petitioner Howie did not sign his Petition under penalty of perjury, and provided no information or facts supporting her claim. One of the assets—the .22 Glock—was not recovered from the residence she shared with Defendant. The United States represents the $30,303 in United States Currency was packaged in a manner consistent with drug proceeds. And the Court is mindful of the important safeguard the requirements of 21 U.S.C. § 853 serve in the case of dangerous assets such as the Ruger and Taurus seized from Defendant Rivens's and Ms. Howie's residence. Ms. Howie's Petition does not comply with those requirements. Therefore, it is subject to dismissal under 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2.

**IT IS THEREFORE, ORDERED**, that the United States' Motion to Dismiss the Petition of Shatorri Howie, (Doc. No. 306), is **GRANTED** and the Petition, (Doc. No. 299), is stricken and **DISMISSED**.

**IT IS SO ORDERED.**

Signed: May 17, 2024

Frank D. Whitney
United States District Judge